### COMMONWEALTH vs. JEROMIE C. JOHNSON.

No. 02-P-39.

Suffolk. February 11, 2003. - May 1, 2003.

Present: DUFFLY, DREBEN, & KANTROWITZ, JJ.

*Search and Seizure,* Fruits of illegal arrest. *Constitutional Law,* Search and seizure. *Arrest. Identification. Evidence,* Identification.

A judge did not err in refusing to suppress out-of-court and in-court identifications of a defendant charged with larceny, which the defendant alleged to be the fruits of an illegal stop, where the victim's fortuitous appearance at the site of a police cruiser at which the defendant was being detained and her identification of the defendant at the cruiser was an intervening circumstance neither sought nor procured by the police, which was sufficient to eliminate the taint of the illegal stop, and where the conduct of the police was neither purposeful nor flagrant. [13-15]

COMPLAINT received and sworn to in the Boston Municipal Court Department on February 12, 2001.

A pretrial motion to suppress evidence was heard by *Charles R. Johnson,* J., and the case was heard by him.

*Richard B. Klibaner* for the defendant.

*Stacy J. Silveira,* Assistant District Attorney, for the Commonwealth.

DREBEN, J. Convicted of larceny from the person, the defendant claims error in the trial judge's refusal to suppress out-of-court and in-court identifications of the defendant that he alleges to be the fruits of an illegal stop. We affirm.

The following facts were elicited at a hearing on the motion to suppress at which Massachusetts Bay Transportation Authority (MBTA) police officer, Christopher Maynard, was the sole witness. At about 2:00 A.M. on February 10, 2001, Maynard, while driving in his marked cruiser with a partner, saw the defendant sprinting down Kneeland Street near Harrington

Street in Boston. The location was described by Maynard as a high crime area. Although he twice called to the defendant to stop, the defendant did not. Instead, he ran in front of the cruiser, at which time Maynard saw a shiny object in the defendant's hand. Maynard's partner jumped out of the cruiser and, after a foot chase, stopped the defendant and pat frisked him. No shiny object or weapon was found. When asked where the shiny object was, the defendant replied that it was his chain.

Within three to five minutes, a woman approached the officers and stated that she just had a chain snatched from her neck. After a brief discussion with the police, she noticed that the officers had someone placed against the hood of the car. She had not seen him before because he was on the opposite side of the officer when she first approached the cruiser. At the hearing on the motion to suppress, Maynard did not state that the woman identified the defendant as the thief. The thrust, however, of the defendant's written motion to suppress and its accompanying memorandum, as well as the discussion with the motion judge, was that the witness's identification, as well as the defendant's statements, should be suppressed. In effect, both counsel acknowledged that an identification of the defendant had been made.

The judge made no written findings. Considering the stop illegal,[1] the judge suppressed the statements but refused to suppress the identification, stating that the identification was a "completely separate matter" that had no connection to police conduct.

At the bench trial that immediately followed the hearing on the motion to suppress, the complainant was permitted to testify that the defendant pulled her chain from her neck while she was in a phone booth, that she threw off her shoes and ran after him, that she almost lost him, and, then, looking to her left, she saw that he was with the police. She started screaming that he stole her chain and demanded that the police arrest him. The witness also made an in-court identification of the defendant as the thief.

The defendant's main contention is that the witness's

---

[1]The Commonwealth does not argue to the contrary, and we do not consider the question.

identification of the defendant at the site of the cruiser was the fruit of an illegal detention. "Evidence obtained subsequent to unlawful police conduct does not [however] automatically become sacred and inaccessible." *Commonwealth* v. *Fredette*, 396 Mass. 455, 459 (1985), and cases cited. In determining whether the Commonwealth has met its burden of showing that the challenged evidence has not been obtained by exploiting the illegality, but rather by a means dissipating the taint, our cases examine the facts of each case in light of the three factors enumerated in *Brown* v. *Illinois*, 422 U.S. 590, 603-604 (1975). *Commonwealth* v. *Fredette*, 396 Mass. at 458-460. *Commonwealth* v. *Manning*, 44 Mass. App. Ct. 695, 698 (1998). See *Commonwealth* v. *Maldonado*, 55 Mass. App. Ct. 450, 453-454 (2002); LaFave, Search and Seizure § 11.4(g), at 311 (3d ed. 1996). The factors used in *Brown* to analyze the connection between illegal conduct and the evidence at issue — in that case a confession — were "temporal proximity," "the presence of intervening circumstances," and "the purpose and flagrancy of the official misconduct."

While in the present case the identification followed closely upon the stop found to be illegal, that factor is not dispositive. See *Commonwealth* v. *Manning*, 44 Mass. App. Ct. at 699; LaFave, Search and Seizure § 11.4(g), at 311 (temporal proximity factor relatively unimportant in confession and pretrial identification cases).

As the judge found, the fortuitous appearance of the complainant and her identification of the defendant at the cruiser was an independent intervening circumstance neither sought nor procured by the police. The presence of such intervening circumstances has been deemed sufficient to eliminate the taint of an illegal stop or arrest. See *Commonwealth* v. *King*, 389 Mass. 233, 245 (1983) (driver's independent and intervening action of attacking troopers); *Commonwealth* v. *Fredette*, 396 Mass. at 460 (defendant's indictment and arraignment for second time and appointment of counsel); *Commonwealth* v. *Holmes*, 34 Mass. App. Ct. 916, 917-918 (1993) (defendant's sudden flight and assault and battery on police officer); *Commonwealth* v. *Maldonado*, 55 Mass. App. Ct. at 454 (defendant's voluntary act of returning to car and picking up gun). See also *Commonwealth* v. *Saia*, 372 Mass. 53, 58 (1977).

Often the most important factor considered relevant is the purpose and flagrancy of the official misconduct. In *Commonwealth* v. *Manning*, 44 Mass. App. Ct. at 699-700, where there were no intervening circumstances and the time between the illegal arrest and the taking of a photograph was short, this court, in upholding the denial of a motion to suppress, laid great stress on the fact that the police in making the illegal arrest did not engage in flagrant misconduct. Here, too, the actions of the MBTA police were not a pretext. While perhaps not having sufficient reason to stop the defendant, the police acted after they saw a man running in a high crime area carrying a shiny object, which they thought could be a gun or other weapon. The man was wearing a sweatshirt and jeans, not typical clothes for February weather. After the stop, without any attempt by the police to exploit the detention, a woman unexpectedly appeared and identified the defendant as a man who had stolen her necklace. Cf. *Commonwealth* v. *Brandwein*, 435 Mass. 623, 631-633 (2002) ("the 'target' of the exclusionary rule 'is official misconduct,' and the rule is not intended 'to discourage citizens from aiding . . . in the apprehension of criminals' "). The intervening circumstances and the absence of purposeful or flagrant conduct warranted the judge's denial of the motion to suppress the out-of-court identification.

The defendant's additional claim that the in-court identification was improperly admitted rests on the contention that the Commonwealth failed to prove that the in-court identification was based on a source independent of the previous out-of-court identification. See *Commonwealth* v. *Bodden*, 391 Mass. 356, 360 (1984). Since we have concluded the earlier viewing was not tainted, the defendant's argument fails.

*Judgment affirmed.*